February 19, 2006

The Honorable Peter J. Walsh
The United States bankruptcy Court
District of Delaware
824 Market Street
6th. Floor
Wilmington, Delaware, 19801

Re: Safety-Kleen Corp., Chapter 11, Case No.00-23303 (PJW).

Subject: Appealing Supplemental Order dated February 10, 2006 disallowing Claim Number 14816.

Dear Sir,

Please find attached an appeal in regards to the above subject matter also note that i am representing myself in this matter for reasons further discussed in the attached.
Also, please find attached is a certified check in the amount of Two Hundred and Fifty Five Dollars ($ 255.00) as an appeals fee.

Please free to contact me with any question you may have,

Frank Manchak, Jr.
Environmental Consultant
606 Alamo Pintado
PMB # 280
Solvang, CA. 93463
Tel: 805-245-0522
Fax: 805-880-0333
Invent@prodigy.net

FILED
2006 FEB 22 PM 2: 44
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

FILED 2006 FEB 22 PM 2:44 CLERK US BANKRUPTCY COURT DISTRICT OF DELAWARE

**FEBRUARY 19, 2006**

**DECLARATION OF FRANK MANCHAK, Jr. IN SUPPORT OF (CLAIM No. 14816) OF SAFETY-KLEEN CORP- CHAPTER 11, CASE No. 00-2303 (PJW)**

I Frank Manchak, a seventy eight year old former Marine, self-made Civil Engineer and since early 1970 an inventor of over twenty patented chemically hazardous, biological and radioactive waste processes and hereby declare that the following is true to the best of my knowledge, information and belief.

(1) Claim No.14816 is part of a multi-litigation (Civil Action No. 955-709 (RRM) involving the infringement of my US Patent No.4,079,003 (or ,003) against more than two dozen infringers that settled while Laidlaw a major infringer selected Chapter 11. The Court STAYED the civil action against Laidlaw about May 1997

(2) The Attorneys for the Trustees both verbally and in memos requested a response to the following:

(a) In October 1997 after the patent had expired a third party instituted a patent reexamination proceedings in the US Patent and Trademark Office (PTO) alleging some newly found prior art. Manchak appealed the prior art issue and the (PTO) in April 1999 issued a reexamination certificate confirming patentability of all the claims of the ,003 patent.

(b) In May 1997 the Jury in the Sevenson trial awarded me damages plus legal fees.

The case was appealed in which the Federal Circuit ruled that Sevenson's Mixing equipment was not a " confined space "and unlike all of Laidlaw's mixing equipment which were "confined space".

(3) Laidlaw's law firm of J.F. Kipp and others during the civil action case reviewed and confirmed volumes and costs as reported by Laidlaw management and State Regulators of waste treated by Laidlaw using the ,003 process.

The confirmed volume treated at the four landfill sites was 845,330 cubic yards at an average charge of $150 to $200 dollars per cubic yard. The royality set by two court approved experts ranged from $10 to $ 22 per cubic yard treated. The Trustees offered both verbally and in the Trustee's memo's of one cent on the dollar resulting in a total settlement of $109,880 dollars which is hereby accepted and the Court will be requested to order same.

If you have any questions of the above please contact me.

Frank Manchak, Jr.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SAFETY-KLEEN CORP., et al., | Case No. 00-2303 (PJW) |
| Debtors. | Jointly Administered |
| | Re: D.I. No. 9548 |

**SUPPLEMENTAL ORDER GRANTING CLAIM FILED BY FRANK MANCHAK, Jr (CLAIM NO.14816)**

This matter coming before the court upon Frank Manchak, Jr. requesting entry of reclassifying claim No. 14816; and upon consideration of the objection and arguments contained therein: and it appearing that due notice of the objection has been given, and that no further notice need be given, and sufficient cause appearing therefor:

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The objection is removed with respect to the claim of Frank Manchak, Jr. (Claim No. 14816) listed on Exhibit A.

2. Claimed amount has been adjusted to $109,880.00 to reflect the Trustees offer of one cent on the dollar which is hereby allowed in its entirety.

3. This Court shall retain Jurisdiction over and all issues arising from or related to the implementation and interpretation of this Order.


Dated_____2006
Wilmington, Delaware


                    _____
                    THE HONORABLE PETER J. WALSH
                    UNITED STATES BANKRUPTCY COURT JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SAFETY-KLEEN CORP., et al., | Case No. 00-2303 (PJW) |
| Debtors. | Jointly Administered |
| | Re: D.I. No. 9548 |

### SUPPLEMENTAL ORDER GRANTING OOLENOY VALLEY CONSULTING LLC'S THIRTIETH OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS WITH RESPECT TO CLAIM FILED BY FRANK MANCHAK (CLAIM NO. 14816)

This matter coming before the Court upon Oolenoy Valley Consulting LLC's Thirtieth Omnibus Objection (Substantive) To Claims (D.I. 9548) (the "Objection") pursuant to which, inter alia, Oolenoy Valley Consulting LLC (the "Trustee"), as trustee of the Safety-Kleen Creditor Trust, requested entry of an order reclassifying, disallowing and/or expunging certain claims; and upon consideration of the Objection and the arguments contained therein; and it appearing that due notice of the Objection has been given, and that no further notice need be given; and sufficient cause appearing therefor;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Objection is GRANTED with respect to the claim of Frank Manchak (Claim No. 14816) listed on Exhibit A to the Objection.

2. Claim Number 14816 is hereby disallowed and expunged in its entirety.

3. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

4. This Order is limited to the specific grounds set forth herein. Accordingly, the right of the Debtors or any other party in interest to object to any of the claims affected hereby, or any other claim, on any ground whatsoever is hereby fully preserved.

- 2 -

      5.      The Trustee, Reorganized Debtors, Reorganized Debtors' claims agent and the Clerk of the Court are authorized to take all necessary or appropriate actions to give effect to this Order.

      6.      This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _Feb 10_, 2006
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY COURT JUDGE

485028

- 2 -

**TRANSMITTAL SHEET FOR APPEAL SUBMITTED TO U.S. DISTRICT COURT**

Case Number: **00-2303**
Deputy Clerk Transferring Case: M.Walter
Case Type: Appeal **- AP-06-26**

**Order, Date Entered and Issues**
Supplemental Order Granting Oolenoy Valley Consulting LLC's Thirtieth Omnibus Objection (Substantive) to Claims with Respect to Claim Filed by Frank Manchak (Claim #14816). (related document(s) 9548 ) [Order Docket #9618; Signed on 2/10/06]

| | |
|---|---|
| **Debtor:** | Safety-Kleen Corp., et al. |
| **Counsel:** | **Donna L. Harris** |
| | Morris Nichols Arsht & Tunnell |
| | 1201 N. Market Street |
| | P.O. Box 1347 |
| | Wilmington, DE 19899 |
| **Telephone:** | **(302) 658-3989** |
| | |
| **Appellant(s):** | Frank Manchak, Jr. |
| | 606 Alamo Pintado |
| | Solvang, CA 93463 |
| **Counsel:** | Pro Se |
| | |
| **Telephone:** | **(805) 245-0522** |