IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Bankruptcy Case No. 00-2303 (PJW) |
| SAFETY-KLEEN CORP., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| FRANK MANCHAK, JR., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-156 (GMS) |
| | ) | |
| OOLENOY VALLEY CONSULTING LLC, | ) | |
| TRUSTEE OF THE SAFETY-KLEEN | ) | |
| CREDITOR TRUST, | ) | |
| | ) | |
| Appellee. | | |

**APPELLEE'S OPENING BRIEF IN SUPPORT OF
IT'S MOTION TO DISMISS APPEAL**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
William H. Sudell, Jr. (#463)
Donna L. Culver (#2983)
Gilbert R. Saydah Jr. (#4304)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Phone: (302) 658-9200

Attorneys for Oolenoy Valley Consulting LLC,
Trustee of the Safety-Kleen Creditor Trust

March 29, 2006

# TABLE OF CONTENTS

Page

TABLE OF CITATIONS ii

NATURE AND STAGE OF PROCEEDING 1

SUMMARY OF ARGUMENT 2

STATEMENT OF FACTS 3

ARGUMENT 6

   I.   THIS COURT DOES NOT HAVE JURISDICTION TO HEAR THIS APPEAL 6

   II.   APPELLANT IS BARRED FROM RAISING THE ISSUE OF EXCUSABLE NEGLECT 6

   III.   APPELLANT LACKS STANDING TO TAKE THE APPEAL BECAUSE APPELLANT FAILED TO APPEAR AND PARTICIPATE IN PROCEEDINGS IN THE BANKRUPTCY COURT GIVING RISE TO THE ORDER APPEALED FROM 7

CONCLUSION 9

ii.

# TABLE OF CITATIONS

Cases

*General Motors Acceptance Corporation v. Dykes (In re Dykes)*,
    10 F.3d 184 (3d Cir. 1993)           7

*In re Colon*,
    941 F.2d 242 (3d Cir. 1991)           6

*In re Mifflinburg Body Co.*,
    54 F. Supp. 560 (M.D. Pa. 1944)           7

*In re Rashid*,
    210 F.3d 201 (3d Cir. 2000)           6

*Krebs Chrysler-Plymouth, Inc.*,
    141 F.3d 490 (3d Cir. 1998)           6

*Matter of Schultz Mfg. Fabricating Co.*,
    956 F.2d 686 (7th Cir. 1992)           8

*Shareholders v. Sound Radio, Inc.*,
    109 F.3d 873 (3d Cir. 1997)           6

*Weston v. Mann (In re Weston)*,
    18 F.3d 860 (10th Cir. 1994)           7

Statutes and Other Authorities

Fed. R. Bankr. P. Rule 8002           2, 6

Fed. R. Bankr. P. Rule 8006           5

1.

## NATURE AND STAGE OF PROCEEDING

This proceeding is an appeal (the "Appeal") from an order (the "Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") disallowing and expunging claim number 14816 ("Claim 14816") filed by Frank Manchak ("Manchak" or "Appellant") against Safety-Kleen (Buttonwillow), Inc., Case No. 00-2322 (PJW).

The appellee, Oolenoy Valley Consulting LLC as trustee of the Safety-Kleen Creditor Trust ("Appellee"), has filed a motion to dismiss the Appeal (the "Motion to Dismiss") (i) for lack of jurisdiction because the Appeal was late filed and (ii) because Appellant lacks standing to bring the Appeal having failed to appear and participate in the proceedings in the Bankruptcy Court giving rise to the Order at issue in this Appeal. This is the Appellee's opening brief in support of its Motion to Dismiss.

2.

## SUMMARY OF ARGUMENT

1.      Rule 8002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requires Appellant to file a notice of appeal within ten (10) days of the entry of the Order for this Court to have jurisdiction over this Appeal.  Appellant did not file his notice of appeal until twelve (12) days after the entry of the Order.  Therefore, this Court does not have jurisdiction to hear this Appeal and the Appeal should be dismissed.

2.      Bankruptcy Rule 8002 requires Appellant to raise the issue of excusable neglect with regard to his late filed appeal within thirty (30) days of the entry of the Order.  Appellant did not raise the issue of excusable neglect within thirty (30) days of the entry of the Order, and has not done so to date, and is, therefore, barred from raising it at this time.  Thus, this Court does not have jurisdiction to hear this Appeal and the Appeal should be dismissed.

3.      Third Circuit case law is clear that only "persons aggrieved" have standing to appeal an order of the Bankruptcy Court.  Prerequisites to being a person aggrieved are attendance and objection at the bankruptcy court proceeding giving rise to the order being appealed.  Appellant failed to appear at or participate in the Bankruptcy Court proceeding where the Court considered the Trustee's objection and disallowed and expunged Appellant's Claim 14816.  Having failed to participate in the Bankruptcy Court proceedings, Appellant is unable to meet the prerequisites of being a person aggrieved and lacks standing to bring this Appeal.  Thus, the Appeal should be dismissed.

STATEMENT OF FACTS

On June 9, 2000, Safety-Kleen Corp. and its affiliated debtors (the "Debtors") commenced their respective reorganization cases by filing voluntary petitions for relief under the Bankruptcy Code.

On August 1, 2003, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the Modified First Amended Joint Plan of Reorganization of Safety-Kleen Corp. and Certain of its Direct and Indirect Subsidiaries, dated July 21, 2003 (the "Plan"), and on December 24, 2003, the Plan became effective.

Pursuant to the Plan, the Safety-Kleen Creditor Trust (the "Creditor Trust") was formed and Oolenoy Valley Consulting LLC was named as trustee of the Creditor Trust (the "Trustee"). Pursuant to the Plan, the Trustee is empowered to file and prosecute objections with respect to certain claims, including Claim 14816.

On December 6, 2005, the Trustee filed and served Oolenoy Valley Consulting LLC's Thirtieth Omnibus Objection (Substantive) To Claims (the "Omnibus Objection") (D.I. 9548), by which the Trustee objected to, *inter alia*, Claim 14816 filed by Appellant. Appellant was served with a copy of the Omnibus Objection through his counsel. *See Affidavit of The Trumbull Group, L.L.C. Regarding Service Of Oolenoy Valley Consulting LLC's Thirtieth Omnibus Objection (Substantive) To Claim(s) (D.I. 9553).* The Omnibus Objection was scheduled to be heard on January 5, 2006 at 9:30 a.m. Prior to that hearing, Appellant contacted counsel for Appellee and requested that Appellee delay the hearing on the Omnibus Objection to allow him to obtain counsel to represent him. Appellee agreed and continued the hearing on the Omnibus Objection

4.

with respect to Claim 14816 to the next omnibus hearing scheduled in the case, February 10, 2006 at 10:00 a.m.

Prior to the February hearing, Manchak again contacted counsel for the Trustee by telephone; Trustee's counsel informed Manchak that the Trustee was going forward with its objection to Claim 14816 at the February omnibus hearing. While Manchak informed counsel for the Trustee that he did not agree to the relief requested by the Debtors, Manchak never filed a formal objection to the Omnibus Objection, nor did Manchak appear at the hearing, either in person or telephonically, to object to the relief requested by the Trustee in the Omnibus Objection. *See Transcript of Hearing Held February 10, 2006 at 10:00 a.m.* (D.I. 9679). At the hearing on February 10, 2006, counsel for the Trustee informed the Court of her contact with Manchak and summarized the Trustee's objection to Claim 14816. The Court agreed with and sustained the objection, entering the Order disallowing and expunging Claim 14816 which was also docketed the same day. (Id.) A copy of the Order was served on counsel for Manchak by hand and mailed to Manchak via U.S. Mail on February 13, 2006. *See Supplemental Notice of Service* (D.I. 9626).

On February 22, 2006, twelve (12) days after entry and docketing of the Order, the Bankruptcy Court docketed Manchak's notice of appeal (D.I. 9634) (the "Notice of Appeal"). While the Notice of Appeal is dated February 19, 2006, annotations on the document indicate that it was faxed to the Clerk of the Bankruptcy Court on February 22, 2006. (Id.) Appellant failed to file and serve within ten days of filing its Notice of Appeal (i.e. on or before March 6, 2006) Appellant's designation of items to be included in the record on appeal and statement of the issues to be presented ("Appellant's

5.

Designation"), as required by Bankruptcy Rule 8006. Pursuant to Bankruptcy Rule 8006, within ten days after service of Appellant's Designation, Appellee may file and serve on Appellant a designation of additional items to be included in the record on appeal ("Appellee's Designation"). On March 8, 2006, the Clerk of the Bankruptcy Court transmitted to the Clerk of the District Court a transmittal page, a copy of the Appellant's notice of appeal and a copy of the order being appealed (the "Transmittal") (D.I. 9640), which was docketed by the Clerk of the District Court. On March 16, 2006, Appellee filed in the Bankruptcy Court and served Appellee's designation of items to be included in the record on appeal ("Appellee's Designation") (D.I. 9671).

ARGUMENT

I.    THIS COURT DOES NOT HAVE JURISDICTION TO
      HEAR THIS APPEAL.

Bankruptcy Rule 8002 states that "[t]he notice of appeal shall be filed with the clerk within 10 days of the entry of the judgment, order, or decree appealed from." Bankruptcy Rule 8002(a).  It is black letter law that the 10 day deadline is strictly construed and that "failure to file a timely notice of appeal creates a jurisdictional defect barring appellate review." *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997) (*citing In re Universal Minerals, Inc.*, 755 F.2d 309, 311 (3d Cir. 1985)); *see Krebs Chrysler-Plymouth, Inc.*, 141 F.3d 490, 494 (3d Cir. 1998); *In re Colon*, 941 F.2d 242, 245 (3d Cir. 1991); *see also In re Rashid*, 210 F.3d 201, 204 (3d Cir. 2000).

Appellant did not file the Notice of Appeal until twelve (12) days after the entry of the Order, which is two (2) days after the deadline for filing a notice of appeal. The law is clear that the late filed Notice of Appeal is insufficient to vest this Court with jurisdiction to hear the Appeal.  Therefore, this Court should dismiss the Appeal.

II.   APPELLANT IS BARRED FROM RAISING THE ISSUE
      OF EXCUSABLE NEGLECT.

Bankruptcy Rule 8002 states that,

> [a] request to extend the time for filing a notice of appeal
> must be made by written motion filed before the time for
> filing a notice of appeal has expired, except that such a
> motion filed not later than 20 days after the expiration of
> the time for filing a notice of appeal may be granted upon a
> showing of excusable neglect.

Bankruptcy Rule 8002(c).  The law is clear that "[t]he rule does not allow a party to claim excusable neglect after the 30 days have expired." *Shareholders v. Sound Radio* at 879 (holding that excusable neglect could not be found when the issue was raised for the first

time after the 30 day time period, and that the court did not have jurisdiction over the appeal).

Appellant did not raise the issue of excusable neglect within thirty (30) days of the entry of the Order, and has not to this date.  Consequently, Appellant cannot argue that he failed to timely file the Notice of Appeal because of excusable neglect. Again, this Court does not and cannot have jurisdiction over this Appeal and the Court should dismiss the Appeal.

III.    APPELLANT LACKS STANDING TO TAKE THE
        APPEAL BECAUSE APPELLANT FAILED TO
        APPEAR AND PARTICIPATE IN PROCEEDINGS IN
        THE BANKRUPTCY COURT GIVING RISE TO THE
        ORDER APPEALED FROM.

The Third Circuit has made clear that only "persons aggrieved" have standing to appeal an order of a bankruptcy court.  *See General Motors Acceptance Corporation v. Dykes (In re Dykes)*, 10 F.3d 184, 188 (3d Cir. 1993)("[A]ppellant must qualify as a 'person aggrieved' to be eligible for appellate review of a bankruptcy court order.").  Furthermore, courts within the Third Circuit, and numerous Courts of Appeal throughout the country have held that prerequisites to being a "person aggrieved" are attendance and objection at the bankruptcy court proceeding giving rise to the order being appealed.  *See In re Mifflinburg Body Co.*, 54 F. Supp. 560, 561 (M.D. Pa. 1944) ("Whenever matters are thus heard upon notice, reviews of orders are limited to applications by parties who have appeared at the hearing before the [bankruptcy court] and participated therein."); *Weston v. Mann (In re Weston)*, 18 F.3d 860, 864 (10th Cir. 1994) ("[Appellants'] lack of standing results from their nonparticipation in the resolution of the disputed [matter].  'Prerequisites for being a 'person aggrieved' are

attendance and objection at a bankruptcy court proceeding.' *Matter of Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 690 (7th Cir. 1992)(citing *In re Commercial W. Fin. Corp.*, 761 F.2d 1329, 134035 (9th Cir. 1985) . . . In short, having chosen not to participate in the resolution of the disputed [matter] before the bankruptcy judge, they have no standing to appeal the bankruptcy court's resolution of the matter.").

Manchak failed to appear at or participate in the Bankruptcy Court proceeding where the Court considered the Trustee's objection and disallowed and expunged Claim 14816. Having failed to participate in the Bankruptcy Court proceedings, Manchak Appellant is unable to meet the prerequisites of being a person aggrieved and lacks standing to bring this Appeal. Thus the Appeal should be dismissed.

9.

## CONCLUSION

For the foregoing reasons, Appellee respectfully requests that the Court enter an order (i) dismissing the Appeal with prejudice and (ii) granting such other and further relief as may be just and proper.

Dated:   March 29, 2006
         Wilmington, Delaware

                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP


                              _William H. Sudell, Jr._

                              William H. Sudell, Jr. (#463)
                              Donna L. Culver (#2983)
                              Gilbert R. Saydah Jr. (#4304)
                              1201 N. Market Street
                              P.O. Box 1347
                              Wilmington, DE 19899-1347
                              Phone: (302) 658-9200
                              Facsimile: (302) 658-3989

                              Attorneys for Oolenoy Valley Consulting LLC,
                              Trustee of the Safety-Kleen Creditor Trust

513046v4

## CERTIFICATE OF SERVICE

I, William H. Sudell, Jr., Esquire, do hereby certify that one copy of the foregoing

**Appellee's Opening Brief in Support of It's Motion to Dismiss Appeal** was served this 29th

day of March, 2006 upon the following individual in the manner indicated:

### FEDERAL EXPRESS

Frank Manchak, Jr.
606 Alamo Pintado
Solvang, CA 93463
(Pro Se)

William H. Sudell, Jr. (No. 0463)

513487